IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

| | | |
|---|---|---|
| AUSTIN POWDER CO., et al. | ) | BLOUNT COUNTY |
| | ) | 03A01-9607-CV-00229 |
| Plaintiffs-Appellees | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. W. DALE YOUNG, |
| | ) | JUDGE |
| | ) | |
| WALTER THOMPSON | ) | |
| | ) | AFFIRMED IN PART; REVERSED |
| Defendant-Appellant | ) | IN PART and REMANDED |

HENRY T. OGLE OF KNOXVILLE FOR APPELLANT

E. JEROME MELSON OF KNOXVILLE FOR APPELLEES

O P I N I O N

Goddard, P.J.

The Defendant appeals a judgment entered by the Blount County Circuit Court awarding the Plaintiffs discretionary costs including attorney fees. This appeal arises from an earlier action (second lawsuit) seeking specific performance of a settlement agreement resolving the original lawsuit filed by the Defendant.

The Defendant, Walter Thompson, sued the Plaintiffs, Austin Powder Company, Renfro Construction Company, and D & P Construction Company, in the original lawsuit on March 1, 1990.

In that suit Mr. Thompson sought to recover damages sustained to his residence which he contended was caused by the Plaintiffs' blasting operations. The Defendant's attorney settled the case before trial. The Defendant contested his attorney's authority to settle and refused to accept the amount specified in the settlement agreement.

The Plaintiffs initiated the second lawsuit on November 8, 1993, seeking specific performance of the settlement agreement. On June 7, 1994, the Trial Court granted the Plaintiffs' motion for summary judgment, and the Defendant appealed. In <u>Austin Powder Co. v. Thompson</u>, an unreported decision filed in Knoxville on January 27, 1995, this Court vacated the judgment of the Trial Court and remanded the case for a trial on the merits. On remand, the Trial Court found after a bench trial that the Defendant had authorized his attorney to settle his claims against the Plaintiffs and entered an order requiring specific performance. The Defendant appealed. In an unreported opinion filed in Knoxville on February 20, 1996, this Court affirmed the Trial Court, remanded the case for other necessary proceedings, and assessed the costs of the appeal against the Defendant.

2

On April 16, 1996, the Plaintiffs filed a petition for discretionary costs and attorney fees. Attached to this petition was an affidavit of Jerome Melson, the Plaintiffs' attorney, outlining the Plaintiffs' costs. The Plaintiffs requested $993 for deposition costs, $414.75 for court costs, and $1808 for attorney fees. The Trial Court scheduled a hearing for April 22, 1996, and issued a Memorandum Opinion on April 25, 1996. In its opinion, the Trial Court stated that an evidentiary hearing was held and, based on this hearing, awarded the Plaintiffs $2018 in discretionary costs. These costs consisted of deposition costs of $700, court costs of $414.75, and attorney fees of $904.

Alleging that no evidentiary hearing took place, the Defendant filed an "EXCEPTION" on May 2, 1996, asking the Trial Court to make a new opinion deleting the word "evidentiary" from the original opinion. The Trial Court entered its final order on the same day, incorporating the Memorandum Opinion of April 25, 1996, from which the Defendant appeals.

The issue presented to this Court on appeal by both parties, which we restate, is whether the Trial Court abused its discretion in awarding the Plaintiffs deposition costs, court costs, and attorney fees. Trial courts are allowed discretion in awarding reasonable and necessary costs for preparation and trial of a case. Thus, an award of discretionary costs will only be reversed if the trial court abused its discretion in making such

3

an award.  Lock v. National Union Fire Ins. Co. of Pittsburgh, Pa., 809 S.W.2d 483 (Tenn. 1991).

The Trial Court did not abuse its discretion in awarding court costs of $414.75.  A prevailing party in a civil action is entitled to full costs unless the law or a court directs otherwise.  T.C.A. 20-12-101.  In this case, no law denies the prevailing Plaintiffs an award of costs.

Relying on Oster v. Yates, 845 S.W.2d 215 (Tenn. 1992), the Defendant argues that the Trial Court abused its discretion in awarding deposition costs because no evidentiary hearing was held and no witnesses were presented supporting the necessity and reasonableness of these costs.  The Defendant also contends that he was denied due process because the Trial Court did not have an evidentiary hearing.

We find the Defendant's arguments concerning the award of deposition costs to be without merit.  The Trial Court's authority to award discretionary costs is controlled by Rule 54.04 of the Tennessee Rules of Civil Procedure.  Allowable discretionary costs include reasonable and necessary court reporter expenses for depositions.  Oster, supra.  The Court in Oster found that the trial court abused its discretion in awarding discretionary costs because no affidavits were filed, no hearing was held, and the matter was not treated as a post-trial motion.  In the present case, however, the Plaintiffs filed a

4

post-trial motion for discretionary costs and attorney fees together with an affidavit of costs, the Defendant was served with a Notice of Hearing on April 15, 1996, and the Defendant attended a hearing on April 22, 1996. Because the Defendant was given a reasonable opportunity to prepare and present its defenses and objections to the motion, the Trial Court was within its discretion in awarding deposition costs.

Finally, the Defendant contends that the Trial Court abused its discretion in awarding attorney fees to the Plaintiffs. Rule 54.04 of the Tennessee Rules of Civil Procedure does not provide for the award of attorney fees. The Defendant is correct that attorney fees are only awarded if provided for by contract, statute, or a recognized ground of equity. State v. Thomas, 585 S.W.2d 606 (Tenn.1979). The Tennessee Supreme Court noted in Lock, supra, that trial courts are not allowed to award attorney fees under Rule 54.04. The Advisory Committee Comment to the 1993 Amendment of Rule 54.04 states that the amended rule is consistent with the Supreme Court's interpretation in Lock. Because no contract or statute provides for the award of attorney fees, the Plaintiffs must establish a recognized ground of equity for the Trial Court to have the discretion to award such fees.

Relying on William H. Inman, Gibson's Suits in Chancery, 7th Ed. (1988), the Plaintiffs argue that the following equitable principles apply to enable the Trial Court to award attorney fees:

5

1. Equity regards that as done which ought to be done. §21, Page 24.

2. No one can take advantage of his own wrong. §21, Page 25.

3. No one ought to suffer because of what others have said or done. §40, Page 44.

The Plaintiffs do not cite any case law applying these maxims of equity to justify an award of attorney fees to the prevailing party. If the Plaintiffs are correct these general maxims of equity could allow an award of attorney fees to almost all prevailing parties. We are not persuaded that any of these maxims are recognized grounds of equity envisioned by the Rule authorizing an award of attorney fees.

The Plaintiffs also argue that an exception applies to the general rule that attorney fees are not a part of costs awardable to the prevailing party. The Plaintiffs argue that because they have been holding or preserving the amount of the disputed settlement, $13,500, they are entitled to attorney fees out of that amount. The Plaintiffs rely on Fifth Third Co. v. Mooreland Estates Homeowners Ass'n, 639 S.W.2d 292 (Tenn.App. 1982) (application for permission to appeal denied by the Tennessee Supreme Court August 30, 1982), and French v. Appalachian Elec. Co-op., 580 S.W.2d 565 (Tenn.App.1978) (cert. denied by the Tennessee Supreme Court April 2, 1979), for the proposition that where there are funds that a party has

6

preserved, the party may be paid attorney fees out of such funds.

We believe the Plaintiffs' reliance on these cases to be misplaced. The Court in French found that the award of attorney fees to the prevailing party, absent a contract providing for it, was against public policy unless the funds were being protected by the court against threatened loss. The Court in Mooreland Estates found (at page 298):

> In the absence of property or funds before the court, or statute, or contract of the parties, the public policy of Tennessee is opposed to the allowance of attorneys fees of the successful party against the defeated party.

The Court of Appeals in Mooreland Estates reversed the Chancellor's award of attorney fees because there was "no property before the Court which have been preserved, either by plaintiff or defendants, out of which attorney fees may be paid."

The Plaintiffs point to no proof in the record to support its claim that any funds were set aside. In relying on this ground of equity, the moving party is not entitled to the award as a matter of course, but must carry the burden of proof in establishing its entitlement. Kimbrough v. Union Planters Nat'l Bank., 764 S.W.2d 203 (Tenn.1989). Furthermore, for this ground of equity to apply, the funds must be before the court. It does not follow, as the Plaintiffs incorrectly contend, that when a party has allegedly set aside funds independent of the

7

court, that such party is entitled to attorney fees upon prevailing in court. Because no ground in equity, contract, or statute applies, and because trial courts are not allowed under Rule 54.04 to tax attorney fees, we find the Trial Court abused its discretion in awarding the Plaintiffs attorney fees.

For the foregoing reasons we affirm the judgment of the Trial Court as to court and deposition costs, but reverse the judgment with respect to the award of attorney fees. The cause is remanded for collection of the judgment and costs below. Costs of appeal are adjudged one-half equally between the Plaintiffs and the Defendant.

_____
Houston M. Goddard, P.J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.

8